UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARCUS LANCASTER,<br><br>   Petitioner,<br><br>  v.<br><br>DOMINGO URIBE, Jr., Warden,<br><br>   Respondent. | No. CV 11-4340-VBF (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On February 19, 2020, the United States Magistrate Judge issued a Report and Recommendation ("Report"), recommending that petitioner's Fourth Amended Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. (Docket No. 192). On April 2, 2020, petitioner, who is represented by the Office of the Federal Public Defender, filed Objections to the Report. (Docket No. 195).

The Magistrate Judge's Report adequately addresses the bulk of the arguments raised in petitioner's Objections. One argument, however, warrants further discussion. In his Objections, petitioner argues that the Magistrate Judge erred in recommending that several of the grounds for relief that petitioner raised in his June 10, 2013, Amended Petition be dismissed as untimely. (Docket No. 195 at 6, 14-15). Specifically, petitioner contends that those grounds for relief -- all of which were asserted for the first time in the Amended Petition and were unexhausted at the

time -- should be deemed timely because the original Magistrate Judge assigned to this action exceeded his authority by denying petitioner's Motion to Stay the Amended Petition pursuant to Rhines v. Weber, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).[1] (Docket No. 195 at 6, 14-15).

Relying on Mitchell v. Valenzuela, 791 F.3d 1166, 1174 (9th Cir. 2014), petitioner asserts that the original Magistrate Judge lacked the authority to deny the Motion to Stay because doing so effectively disposed of the grounds for relief that petitioner asserted for the first time in his June 10, 2013, Amended Petition. (Docket No. 195 at 14). As such, according to petitioner, the original Magistrate Judge should have presented a report and recommendation to the District Judge, recommending that the Motion to Stay be denied. (Docket No. 195 at 14). Petitioner maintains that, had the original Magistrate Judge followed the proper procedure, petitioner "could have filed objections and availed himself of the district court to fix the magistrate judge's error." (Id.). Moreover, according to petitioner, "the district court would have likely found that ineffectiveness of post-conviction counsel (which logically includes a complete absence of post-conviction counsel) was good cause for a Rhines stay." (Id.).

Relying on these assumptions, petitioner concludes that "the operative filing date" for the claims that he asserted for the first time in his Amended Petition would have been June 10, 2013, the date on which the Amended Petition was filed. (Id. at 15). But, according to petitioner, the original Magistrate Judge's error resulted in the operative filing date for those claims being January 30, 2019, the date on which petitioner first asserted those claims as exhausted in his Fourth Amended Petition. (Id.).

This objection is not well-taken. To be sure, in Mitchell, the Ninth Circuit explained that, "where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a

---

[1] Petitioner filed both the Amended Petition and the corresponding Motion to Stay on June 10, 2013. (See Docket Nos. 60 & 61). The original Magistrate Judge denied petitioner's request to stay the Amended Petition pursuant to Rhines, but granted petitioner's alternative request to stay the Amended Petition pursuant to the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (See Docket No. 73).

motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." Mitchell, 791 F.3d at 1170. Thus, to the extent that the denial of the June 10, 2013, Motion to Stay was dispositive of any ground for relief, the original Magistrate Judge exceeded his authority in denying the Motion to Stay without presenting a report and recommendation to the District Judge. Any error on the part of the original Magistrate Judge, however, was harmless because, as explained in the Report, the claims that petitioner asserted for the first time in his Amended Petition were untimely long before he filed his Amended Petition. (See Docket No. 192 at 16). Indeed, accounting for the equitable tolling that he was awarded and the corresponding period of statutory tolling, petitioner's statute of limitations to timely assert his grounds for relief expired on May 8, 2012.[2] Accordingly, the grounds for relief that petitioner asserted for the first time in his Amended Petition were untimely because he did not attempt to assert them until June 10, 2013 -- that is, over a year *after* the limitations period had expired.[3] Thus, regardless of whether the original Magistrate Judge exceeded his authority in denying the June 10, 2013, Motion to Stay, petitioner could not have prosecuted any of the grounds for relief that he asserted for the first time in his Amended Petition because those grounds for relief were untimely long before he attempted to assert them in this Court.

Finally, petitioner is mistaken in his belief as to what the Court would have done had the original Magistrate Judge recommend that the Motion to Stay be denied. Petitioner posits that the Court would have concluded that a stay pursuant to Rhines was warranted due to the "ineffectiveness of post-conviction counsel." (Docket No. 195 at 14). But, as explained in the Report, petitioner "established no nexus" between the misconduct of his post-conviction counsel -- which necessarily extended only until September 29, 2010[4] -- and his failure to assert the claims

---

[2] As explained in the Report, the limitations period for petitioner's Eighth Amendment challenge to his life sentence commenced on June 25, 2012. (Docket No. 192 at 29).

[3] Furthermore, as explained in the Report, with one exception, none of the grounds for relief that petitioner asserted for the first time in his Amended Petition relates back to any ground for relief that he asserted in his original Petition. (See Docket No. 192 at 17-18).

[4] (Docket No. 192 at 13-14).

that he asserted for the first time in his Amended Petition until nearly three years later.  (See Docket No. 192 at 23).  Indeed, as noted in the Report, petitioner's original request for equitable tolling made no mention of claims other than those asserted in the original Petition; rather, petitioner's original request "alleged only that state habeas counsel's performance prevented him from timely exhausting the claims that petitioner filed in his original Petition." (Id. (citing Docket No. 4 at 5-8)).  And, as the Report pointed out, "the facts underlying each of [the claims in question] was readily apparent from the trial record."  (Id. at 28).  Thus, had the original Magistrate Judge recommended that a Rhines stay of the Amended Petition was unwarranted (as opposed to denying the Motion to Stay), the Court would have adopted that recommendation.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Fourth Amended Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation.  The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.  The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Judgment shall be entered consistent with this Order.

3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: July 8, 2020

HON. VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

4